IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD WASHINGTON, | No. 2:22-CV-2272-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| MESKATH UDDIN, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Meskath Uddin, M.D., a physician at California State Prison – Sacramento; and (2) Jeff Lynch, the Warden at California State Prison – Sacramento.  See ECF No. 1, pg. 2.  Plaintiff asserts two claims.

In his first claim, Plaintiff alleges that Defendant Uddin was deliberately indifferent to his serious medical condition in violation of the Eighth Amendment.  See id. at 3.  In particular, Plaintiff claims that Dr. Uddin failed to follow medical instructions from an outside provider and that, as a result, Plaintiff lost vision.  See id.

In his second claim, Plaintiff alleges that he was assaulted by correctional officers, in violation of the Eighth Amendment.  See id. at 4.

## II. DISCUSSION

The Court finds that Plaintiff has alleged sufficient facts to state a cognizable Eighth Amendment medical care claim against Defendant Uddin.  Plaintiff has not, however, alleged sufficient facts to state any cognizable claims against Defendant Lynch, the prison warden.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

1  Supreme Court has rejected the notion that a supervisory defendant can be liable based on
2  knowledge and acquiescence in a subordinate's unconstitutional conduct because government
3  officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct
4  and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory
5  personnel who implement a policy so deficient that the policy itself is a repudiation of
6  constitutional rights and the moving force behind a constitutional violation may, however, be
7  liable even where such personnel do not overtly participate in the offensive act.  See Redman v.
8  Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).
9            When a defendant holds a supervisory position, the causal link between such
10 defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.
11 Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
12 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in
13 civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
14 Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the
15 official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.
16            Here, Plaintiff claims that he was assaulted by Correctional Officers Obbeide and
17 Bauwer.  See ECF No. 1, pg. 10.  These individuals are not named as defendants to the action.
18 Instead, Plaintiff claims that Defendant Lynch is responsible as the prison warden for failing to
19 adequately train and supervise subordinate staff.  As explained above, such a theory of respondeat
20 superior liability is not cognizable and Plaintiff must allege the personal involvement of each
21 named defendant.  Plaintiff will be provided an opportunity to amend to explain how Defendant
22 Lynch participated personally in the alleged constitutional violation.
23
24                            **III.  CONCLUSION**
25            Because it is possible that the deficiencies identified in this order may be cured by
26 amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d
27 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an
28 amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  January 24, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE