**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOWARD WASHINGTON, | No.  2:22-CV-2272-KJM-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MESKATH UDDIN, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint, ECF No. 1.

On January 25, 2023, the Court issued an order addressing the sufficiency of Plaintiff complaint as required under the Prison Litigation Record Act.  See ECF No. 11.  In that order, the Court summarized Plaintiff's claims as follows:

> Plaintiff names the following as defendants: (1) Meskath Uddin, M.D., a physician at California State Prison – Sacramento; and (2) Jeff Lynch, the Warden at California State Prison – Sacramento.  See ECF No. 1, pg. 2.  Plaintiff asserts two claims.
> In his first claim, Plaintiff alleges that Defendant Uddin was deliberately indifferent to his serious medical condition in violation of the Eighth Amendment.  See id. at 3.  In particular, Plaintiff claims that Dr. Uddin failed to follow medical instructions from an outside provider and that, as a result, Plaintiff lost vision.  See id.

/ / /

/ / /

1

In his second claim, Plaintiff alleges that he was assaulted by correctional officers, in violation of the Eighth Amendment.  See id. at 4.

ECF No. 11, pg. 2.

The Court determined that Plaintiff states a cognizable Eighth Amendment medical care claim against Defendant Uddin.  See id. at 3.  The Court, however, found that Plaintiff failed to state a cognizable excessive force claim against Defendant Lynch.  See id. at 2-3.  Plaintiff was provided an opportunity to amend to address the defects identified in the Court's screening order and advised that, if no amended complaint was filed within the time permitted, Defendant Lynch and the excessive force claim would be subject to dismissal.  See id. at 3-4.  To date, Plaintiff has not filed an amended complaint within the time permitted therefor and the Court recommends dismissal of Defendant Lynch for the reasons explained in the Court's prior screening order.  By separate order issued herewith, the Court directs service of process on Defendant Uddin.

Based on the foregoing, the undersigned recommends that:

1.     This action proceed on Plaintiff's original complaint as to his Eighth Amendment medical care claim against Defendant Uddin;

2.     Plaintiff's Eighth Amendment excessive force claim be dismissed; and

3.     Lynch be dismissed as a defendant to this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 4, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2